In the

# United States Court of Appeals
## For the Seventh Circuit

No. 15-3807

JACQUELYN M. CARLSON,

*Plaintiff-Appellant*,

*v.*

CHRISTIAN BROTHERS SERVICES,

*Defendant-Appellee*.

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 15 C 1154 — **John Robert Blakey**, *Judge*.

ARGUED SEPTEMBER 28, 2016 — DECIDED OCTOBER 27, 2016

Before POSNER, FLAUM, and MANION, *Circuit Judges*.

POSNER, *Circuit Judge*. The plaintiff filed this suit against her former employer, defendant Christian Brothers Services (the parties refer to it as CBS), charging disability discrimination. CBS is a religious organization headquartered near Chicago that provides health and a number of other services to the Roman Catholic community in Illinois, other parts of the United States, and Canada. See Christian Brothers Services, www.cbservices.org (visited Oct. 26, 2016, as were the

other websites cited in this opinion). The plaintiff, a senior customer service representative of the defendant, was in an automobile accident in March 2011 as a result of which she had to use a cane, and limped, and she was fired on February 1, 2012, because (she contends) of a perceived disability (mobility impairment) caused by the accident that had required her to take time off from work and to use her health insurance to pay the costs she'd incurred as a result of the accident. She argues that in these circumstances her employer's firing her violated the Americans with Disabilities Act.

The Act requires a complainant to submit a charge of discrimination to the Equal Employment Opportunity Commission (EEOC) within a statutory deadline—here 300 days from the alleged incident of discrimination—and to receive a right to sue notice from the EEOC, before suing. 42 U.S.C. §§ 2000e-5(e)(1), (f)(1). The district judge granted summary judgment for CBS on the ground that the plaintiff had failed to submit a charge in time and therefore could not maintain her suit.

Six months after being fired she filed with the Illinois Department of Human Rights (IDHR) (which administers the Illinois Human Rights Act, 775 ILCS 5/1 *et seq.*, which like the ADA prohibits discrimination on grounds of disability) a "Complainant Information Sheet" (the parties call it a "CIS"), which asks the complainant for basic information about his or her claim. On the basis of the CIS IDHR decides whether it has jurisdiction and if it does it copies the information in the CIS on to an official charge form, which the filer can sign and submit. The CIS also asks the complainant to check a box if the employer has more than 15 employees in Illinois, and to check another box if the employer has

more than 15 employees in the United States; Carlson checked both boxes.

IDHR has a worksharing agreement with EEOC, whereby a charge filed with IDHR is automatically cross-filed with EEOC. But a *complaint* of discrimination—the document the plaintiff filed with IDHR—is not a charge. A charge is the administrative equivalent of a complaint filed in court; a CIS is not unless it asks for relief and thus functions as a charge. *Federal Express Corp. v. Holowecki*, 552 U.S. 389, 402 (2008). Without such a request the CIS is just a pre-charge screening form, which does not prompt IDHR to notify the employer, launch an investigation, or sponsor mediation between the parties—filing a charge form does. IDHR, "Charge Process," www.illinois.gov/dhr/FilingaCharge/Pages/Intake.aspx; IDHR, "Path of a Charge," www.illinois.gov/dhr/Filinga Charge/Pages/Path_of_a_Charge.aspx. But the CIS filer may believe that the filing will nudge the person or entity complained of to settle with the complainant on terms favorable to the latter, thus sparing the complainant the cost and time and anxiety of a contested proceeding.

There was no pre-charge settlement with CBS, however, or so far as appears any negotiation. Carlson's lawyer did contact IDHR in 2012 about the possibility of mediation, but nothing came of it. Instead on March 5, 2013, the plaintiff filed a Charge of Discrimination with IDHR, copy to EEOC. But that was 398 days after she'd been fired, and the deadline to file a charge with the EEOC when the complainant had initially instituted a proceeding with a state or local agency is 300 days. 42 U.S.C. § 2000e–5(e)(1). Carlson thus had failed to exhaust her administrative remedies—a pre-

requisite to suit—and so the district judge dismissed her suit as untimely.

She had filed the CIS within the deadline, however, and argues that it was a charge and therefore timely. And although her CIS states "THIS IS NOT A CHARGE," the EEOC deems a charge sufficient when it is a "written statement sufficiently precise to identify the parties, and to describe generally the action or practice complained of," 29 C.F.R. § 1601.12(b), and Carlson's CIS meets those requirements. It identifies the parties—Carlson and Christian Brothers Services—and states that she was fired for "us[ing] a cane at work," "walk[ing] with a limp," and "taking time off from work and for using [her] health insurance to pay for the severe car accident [she had experienced] ... in March 2011." But the CIS did not request remedial action, and so was not a charge. *Federal Express Corp. v. Holowecki*, *supra*, 552 U.S. at 402.

The plaintiff contends that what nevertheless made the CIS a charge was the statement in it that it "authorize[s] EEOC to look into the discrimination alleged." But that is a far cry from a "charge" as the word is ordinarily understood. Although the CIS form does say that IDHR will cross-file the complainant's "charge of discrimination" with EEOC, it also says "THIS IS NOT A CHARGE," followed immediately by the statement that "if IDHR accepts your claim, we will send you a charge form for signature." And while it's true that 29 C.F.R. § 1601.12(b) states that "a charge may be amended to cure technical defects or omissions, including failure to verify the charge, or to clarify and amplify allegations made therein" and that "such amendments ... will relate back to the date the charge was first received," her CIS contained

more than a technical defect if conceived of as a charge because it requested no relief and the statement on the form that we quoted above—"if IDHR accepts your claim, we will send you a charge form for signature"—makes clear that the claim was merely a prelude to a charge, and not the charge itself; and a prelude to what turned out to be nothing.

Despite all this, the EEOC has submitted an amicus curiae brief in which it argues that the plaintiff's CIS was the equivalent of a charge—thus ignoring what the Supreme Court said in *Federal Express Corp. v. Holowecki*, *supra*, 552 U.S. at 402—that a charge must request relief, and the plaintiff's CIS did not. The EEOC argues that by filing the CIS Carlson consented to the disclosure of her personal information to her employer, which shows she wanted remedial action. But the CIS says "*if IDHR takes a charge* based on the information provided, I consent for IDHR to disclose my identity and personal information" (emphasis added). It's true that *eventually* the plaintiff filed a charge, but it was untimely. And she can't plead ignorance of legal technicalities, because she was represented by counsel throughout.

The decision of the district court must therefore be, and it is,

AFFIRMED.