**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 24, 2020[*]
Decided February 25, 2020

**Before**

DIANE P. WOOD, *Chief Judge*

WILLIAM J. BAUER, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

No. 19-1428

| | |
|---|---|
| SIMEON WASHA AMEN RA, a/k/a SIMEON LEWIS<br>*Plaintiff-Appellant*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 14-CV-07171 |
| BNSF RAILWAY COMPANY, *Defendant-Appellee*. | John J. Tharp, Jr., *Judge*. |

**O R D E R**

Simeon Washa Amen Ra, who describes himself as an "indigent inhabitant traveler" and non-citizen "national" of the United States, believes that his employer, BNSF Railway Company, violated Title VII of the Civil Rights Act of 1964 by discriminating against him based on his national origin, retaliating against him, and harassing him. The district court entered summary judgment for BNSF, concluding that

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

Amen Ra did not timely file his claims with the Equal Employment Opportunity Commission (EEOC). We agree with the district court's reasoning and affirm the judgment.

Amen Ra, who had worked for BNSF for seventeen years, asked the human resources department in 2010 to make changes to his name (from Simeon Lewis to Simeon Washa Amen Ra), ethnicity (from African American to Indigenous Native American), and citizenship status (from U.S. citizen to "U.S. National"). The company updated Amen Ra's name and ethnicity but not his citizenship. Amen Ra repeatedly renewed his request until he was informed by the director of human resources in late 2012 that the department would not change his citizenship. The following month, BNSF rejected Amen Ra's bid for a promotion from brakeman to conductor, and awarded the position to a less senior employee. Because Amen Ra was not certified as a conductor, BNSF prohibited him from applying for future conductor positions. To denote that restriction, it placed a "+" alongside his name on public employee rosters.

In the summer of 2013, Amen Ra sent the Illinois Department of Human Rights an Employment Complainant Information Sheet, which is a pre-charge screening form that supplies basic information about his claim. (It is not a formal charge for Title VII purposes because it does not ask for relief. *See Carlson v. Christian Bros. Servs.*, 840 F.3d 466, 467 (7th Cir. 2016).) The Department of Human Rights promptly sent Amen Ra an intake letter (that he signed upon receiving), which explained that the official charge would include his claim of citizenship discrimination but not a claim of retaliation or harassment. In the months that followed, the Department of Human Rights provided Amen Ra with several drafts of a charge form that he refused to sign because each draft characterized him as a "Naturalized United States Citizen" rather than an "American National." ("American National," the Department informed him, is not a recognized citizenship status under the Illinois Human Rights Act, 775 ILCS § 5/2-101(K).) Eventually, in November 2013, Amen Ra signed a formal administrative charge, alleging that BNSF discriminated against him when it refused to update his citizenship status in his employment files. The charge was cross-filed that day with the EEOC, which in turn issued a right-to-sue letter.

Amen Ra then sued BNSF under Title VII for discrimination (by refusing to change his citizenship), retaliation (by rejecting his bid for promotion), and harassment (by putting the "+" symbol next to his name on public employee rosters). *See* 42 U.S.C. §§ 2000e-2, 2000e-3. Discovery ensued, and over the next fifteen months Amen Ra was allowed three extensions of time. BNSF then moved for summary judgment, arguing

that Amen Ra's claims were time-barred because he failed to file his charge with the EEOC within 300 days after the alleged unlawful acts and, alternatively, because he failed to administratively exhaust his harassment and retaliation claims by not including them in the charge. Amen Ra countered that the defendants had generally withheld or tampered with key evidence, and he sought more time under Federal Rule of Civil Procedure 56(d) to conduct discovery.

The district court granted BNSF's motion for summary judgment, agreeing that Amen Ra's claims all were time-barred under 42 U.S.C. § 2000e-5(1). As for his Rule 56(d) motion, the court explained that it was denying Amen Ra's request for additional discovery because he had not specified what new information he needed to obtain and, in any event, he already had been given fifteen months—and three extensions of time—to conduct discovery.

On appeal, Amen Ra challenges the district court's conclusion that his claims were untimely. He argues that, within 300 days of the allegedly unlawful acts, he filed with the Department of Human Rights two documents—a Complainant Information Sheet and an intake letter (signed two days later)—that each constitute a charge. For support, he points to the Supreme Court's decision in *Federal Express Corp. v. Holowecki*, 552 U.S. 389, 402 (2008), which instructs that documents such as intake letters can count as a charge under the Age Discrimination in Employment Act of 1967 if they contain the information required by implementing regulations and can be reasonably construed as a request for the EEOC to take remedial action.

Amen Ra's situation differs from the ADEA plaintiff's in *Holowecki* because neither his Complainant Information Sheet nor his intake letter contained the requisite information to qualify as a charge. The Complainant Information Sheet, for instance, did not request remedial action or prompt the Illinois Department of Human Rights to activate its enforcement machinery, and it expressly warned Amen Ra that "THIS IS NOT A CHARGE." *See Carlson*, 840 F.3d at 467–68 (upholding determination that Complainant Information Sheet filed with Illinois Department of Human Rights did not qualify as charge because the document—despite identifying the parties and describing the action complained of—did not request remedial action and stated that "THIS IS NOT A CHARGE"). The intake letter is not a charge for similar reasons: It also did not request relief or launch an investigation into BNSF. Accordingly, we agree with the district court that Amen Ra did not file his charge until November 2013, more than 300 days after each of the challenged actions.

Amen Ra also argues that the district court should have granted his request under Rule 56(d) for additional time to take discovery. But the court acted well within its discretion in denying the request because Amen Ra did not identify any discoverable evidence that would have affected the outcome of the proceedings. Here the court had before it all the evidence that it needed to conclude that Amen Ra's charge was untimely, and it was not required to grant more time on "an obviously meritless claim or defense." *Smith v. OSF HealthCare Sys.*, 933 F.3d 859, 865 (7th Cir. 2019).

We have considered Amen Ra's other arguments and none has merit. The judgment is AFFIRMED.